## Andrew J. Culp *v.* Alonzo W. Allen, Appellant.

*Patents—Re-issue—Surrender—Contract.*

Where the re-issue of letters patent is applied for, the surrender of the original letters takes effect only upon the issue of the amended patent, and if the re-issue is refused the original patent is returned to its owners.

Where one of two owners of a patent has agreed to pay half of the profits of the manufacture of the invention to his co-owner, and the two owners apply for a re-issue of the patent, the fact that the re-issue is refused does not affect the agreement between the parties.

Argued Jan. 22, 1895. Appeal, No. 138, July T., 1894, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1893, No. 220, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover share of profits resulting from manufacture of patented invention. Before THAYER, P. J.

At the trial it appeared that a patent for an improved tension to be used on cop winding machines, was issued to plaintiff and defendant Jan. 19, 1886. Plaintiff assigned one half of his interest in the patent to defendant. He alleged that the consideration for the transfer was a promise on part of defend-

ant to divide with him all profits made by the sale of the device, and also all damages which might be recovered from people who infringed the patent. On Nov. 18, 1892, plaintiff and defendant applied for a re-issue of the patent. The application was rejected Dec. 12, 1892, on the ground of unreasonable delay, and also upon the further ground that the new claims asked for had been substantially anticipated by other patents. Defendant claimed that the article which was manufactured was different in its parts and in its arrangements from the article covered by the patent, and that it was a distinct and independent invention.

Plaintiff's points were among others as follows:

" 2. Where the re-issue of letters patent of the United States is applied for, the surrender takes effect only upon the issue of the amended patent, and if the re-issue is refused the original patent is returned to its owners." Affirmed. [1]

" 4. The action of the patent office in refusing to re-issue the patent in suit, did not affect its validity, and the contract between the plaintiff and defendant in reference thereto was not rendered invalid by such action." Affirmed. [2]

Defendant's points were among others as follows:

" 5. If after the alleged making by the defendant of a promise to account to the plaintiff for past profits on the patented machines previously manufactured by the defendant, the parties joined in a surrender of the patent and an application for a re-issue thereof, such act amounts in law to an extinguishment of the patent and to a legal cancellation of any claim based thereon for profits on the patented machines made prior to that date." *Answer:* Refused. [3]

" 6. The joint act of the parties in surrendering the patent in question, and applying for a re-issue thereof, on Nov. 18, 1892, amounted to a cancellation of the patent, and being followed by a refusal on the part of the government to grant the re-issue, operated to end and determine the contract sued upon as to any of the patented machines made after such surrender." Refused. [4]

Verdict and judgment for plaintiff for $225.

*Errors assigned* were (1–4) above instructions, quoting them.

*Hector T. Fenton, Joseph W. Shannon* with him, for appellant, cited : Jordan v. Agawan Co., 7 Wal. 583 ; 2 Robinson on Patents, § 696, 697 and notes; 3 Ib. § 1253 ; 4 Curtis on Patents, § 342, p. 468, and notes; Moffitt v. Garr, 1 Black, 273 ; Reedy v. Scott, 23 Wal. 352; Peck v. Collins, 103 U. S. 660 ; Burrell v. Hackley, 35 Fed. R. 833.

*Conway Dillingham* and *George Bradford Carr* for appellee, not heard, cited: Forbes v. Barstow Stove Co., 2 Clif. 379 ; 2 Robinson on Patents, 419, § 697 ; Walker on Patents, § 231 ; Revised Statutes, § 4916, July 8, 1870.

PER CURIAM, Feb. 4, 1895 :

This case depended mainly on questions of fact which were fairly submitted to the jury with instructions which appear to have been substantially correct and adequate.    The only subjects of complaint are the affirmance of plaintiff's second and fourth points, for charge, recited in the first two specifications, and the refusal of the court to affirm defendant's fifth and sixth points recited in the two remaining specifications.    There is nothing in the record that would justify us in sustaining either of the specifications of error.    The points recited therein were each correctly answered.    As embodied in his sixth point, the contention of defendant, that " the joint action of the parties in surrendering the patent in question and applying for a re-issue thereof . . . . amounted to a cancellation of the patent," etc., is untenable.    Section 4916 of the Revised Code provides that " such surrender shall take effect upon the issue of the amended patent."    The alleged surrender therefore never became effective, because the re-issue which the parties applied for was refused.    The case appears to have been carefully and correctly tried, and we think the judgment should be affirmed.

Judgment affirmed.